UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-86 |
| GARRY GENTRY | SECTION: "J"(1) |

### ORDER & REASONS

Before the Court is a *Motion to Vacate, Set Aside, or Correct Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 472)**, filed by Defendant, Garry Gentry ("Gentry") and an opposition thereto (Rec. Doc. 509) by the United States of America. Gentry has also filed a *Motion for Production of Documents at the Government's Expense* **(Rec. Doc. 471)**. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On May 28, 2015, Gentry plead guilty to one count of a Superseding Indictment for violating the Federal Controlled Substances Act. (Rec. Doc. 169). On December 17, 2015, the Court sentenced Gentry to 140 months' imprisonment, to run consecutive to his state court sentence. (Rec. Doc. 302). Gentry did not file a direct appeal. On March 19, 2020, Gentry filed the present motion, originally styled as a Nunc Pro Tunc Motion to Reduce Sentence, arguing that the Court erred in ordering his sentence be served consecutively instead of concurrently. (Rec. Doc. 472 at 2-4).

1

The Court determined that Gentry's motion, despite not being styled as such, was actually a Section 2255 motion asking the Court to amend Gentry's sentence to either be shorter or run consecutively to the state court sentence. Accordingly, the Court issued an Order dated April 16, 2020, notifying Gentry that his motion would be construed as a Section 2255 motion if he did not withdraw it within 30 days. (Rec. Doc. 489). Gentry did not withdraw or amend his motion within the allotted time, and therefore the Court will now rule on the present motion as a petition for habeas relief under Section 2255.

## **LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

2

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id*. After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Additionally, the Court recognizes that Petitioner's *pro se* complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction.").

## **DISCUSSION**

The Court must first address the timeliness of Gentry's Section 2255 motion. Section 2255 motions are subject to a 1-year period of limitations. In general, that

3

period begins to run from the date the "judgment of conviction becomes final." 28 U.S.C. § 2255.[1] If a defendant chooses not to file a direct appeal, the one-year clock begins to run at the end of the 14-day period for filing a direct appeal. *United States v. Plascencia*, 537 F.3d 385, 388 (5th. Cir. 2008); *see also United States v. Jackson*, 470 F. Appx. 324, 327 (5th. Cir. 2012).

Here, Gentry was sentenced on December 17, 2015 and judgment was entered the same day. (Rec. Doc. 195). As Gentry did not file a direct appeal, his conviction and sentence became final on December 31, 2015. Fed. R. App. P. 4(b)(1). Thus, his Section 2255 Motion to Vacate was due by December 31, 2016. Gentry failed to file his motion until March 19, 2020, over three years after expiration of the relevant statute of limitations period. As such, Gentry's motion is time-barred pursuant to 28 U.S.C. § 2255(f)(1) and must be dismissed.

As an antecedent matter, in order for Gentry to obtain documents at the Government's expense, he must establish "that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous." *U.S. v. Secreto*, Cr. No. C-01-351, 2008 WL 1944229, (S.D. Tex. May 2, 2008) (citing 28 U.S.C. § 753(f)). Because of the time-barred nature of his motion, Gentry has no non-frivolous suit

---

[1] Technically the 1-year period of limitations runs from the latest of the following: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court; and 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C. § 2255*. Here, Gentry presents no evidence, nor even any arguments, that a date other than the date of his final judgment should be used to determine the timeliness of his motion. Thus, only the final judgment of conviction timeframe is applicable.

pending before the Court, and thus has no need for a copy of his Pre-Sentence Investigation Report or the Docket Sheet. *See* (Rec. Doc. 471 at 1).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Garry Gentry's *Motion to Vacate, Set Aside, or Amend Sentence Under U.S.C. 28 § 2255* **(Rec. Doc. 472)** is hereby **DENIED** and an evidentiary hearing is not required.

**IT IS FURTHER ORDERED** that Defendant Garry Gentry's *Motion for Production of Documents* **(Rec. Doc. 471)** is hereby **DENIED** due to the time-barred nature of his substantive claim.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Garry Gentry has failed to demonstrate a substantial showing of the denial of a constitutional right.

New Orleans, Louisiana, this 6th day of July, 2020.

> *[signature]*
> CARL J. BARBIER
> UNITED STATES DISTRICT JUDGE